UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| AVIS D. MILLS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:19-CV-239-HBG ) |
| KILOLO KIJAKAZI[1] Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and the consent of the parties [Doc. 15]. Now before the Court is the Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) [Doc. 25]. Plaintiff requests that the Court enter an Order awarding $14,803.75 in attorney's fees under 42 U.S.C. § 406(b).

**I.     BACKGROUND AND POSITIONS OF THE PARTIES**

On October 25, 2019, Plaintiff filed a Motion for Summary Judgment and Memorandum in Support [Docs. 16 & 17], and on January 7, 2020, the parties filed a Joint Motion to Remand [Doc. 20]. The Court entered an Order of Remand Under Sentence Four of 42 U.S.C. § 405(g) on January 9, 2020. [Doc. 21].

Plaintiff's counsel requests approval to charge attorney's fees pursuant to 42 U.S.C. § 406(b) based on his contingency fee agreement with the Plaintiff. [Doc. 25-1 at 2]. Counsel asserts that Plaintiff is entitled to past due Supplemental Security Income benefits totaling $58,432.67,

---

[1] Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration ("the SSA") on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit. *See* 42 U.S.C. § 405(g).

and Social Security Disability Benefits in the amount of $59,215—of which $14,803.75 was withheld for payment of fees associated with the award. Counsel states that it is unknown how much was withheld from the Supplemental Security Income past due benefits.[2] Counsel submits that the total requested fees is reasonable and should be upheld pursuant to *Gisbrecht v. Barhhart*, 535 U.S. 789 (2002). [*Id.* at 2]. The Commissioner subsequently filed a Response [Doc. 25] stating that he does not oppose payment of an attorney's fee in the amount of $14,803.75.

## II. ANALYSIS

Section 406(b) permits courts to award "a reasonable [attorneys'] fee . . . not in excess of 25 percent," payable "out of . . . [the claimant's] past-due benefits" when a claimant secures a favorable judgment. 42 U.S.C. § 406(b)(1)(A). Accordingly, three conditions must be met before 406(b) fees will be awarded:

> 1. The Court must have rendered a judgment favorable to the Plaintiff;
>
> 2. The Plaintiff must have been represented by counsel; and
>
> 3. The Court must find that the fee is reasonable and not in excess of twenty-five (25) percent of the total past-due benefits to which Plaintiff is entitled.

*See id.* The Court will address each condition in turn.

### A. Favorable Judgment

In this case, the Plaintiff obtained a "sentence four" remand, which, for purposes of section 406(b), may be considered a "favorable judgment." *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d

---

[2] Counsel notes that "[p]ast due SSI benefits and past due Social Security Disability benefits offset against each other" but "[t]he total amount of past due benefits, after offset, is expected to exceed $68,000." [Doc. 25-1 at 3].

1273, 1277 (11th Cir. 2006). Thus, the Court finds that the first condition for granting attorney's fees under section 406(b) has been met.

### B. Representation by Counsel

In support of the motion for attorney's fees, Plaintiff's counsel attached a signed agreement between counsel and the Plaintiff, which provides for a contingent fee in the amount of twenty-five percent of the past-due benefits received by the Plaintiff as payment for counsel's representation. [Doc. 25-1 at 2]. Accordingly, the Court finds that the Plaintiff was represented by counsel for this claim.

### C. Reasonableness of Fee Amount

Counsel for Plaintiff submits that a total fee request of twenty-five percent of the past-due Social Security Disability Benefits awarded to the Plaintiff is reasonable because the twenty-five percent cap has been upheld by case law, is consistent with the agreement between counsel and the Plaintiff, and the amount requested is reasonable. [Doc. 25]. The Commissioner responds [Doc. 26] that it does not oppose the requested amount.

However, the Court must still independently determine whether the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 807. The Court of Appeals for the Sixth Circuit has held that "if the agreement states that the attorney will be paid twenty-five percent of the benefits awarded, it should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). The presumption may be overcome by a showing that "1) the attorney engaged in improper conduct or was ineffective, or 2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 419 (6th Cir. 1990) (citing *Rodriquez*, 865 F.2d at 746). If neither circumstance applies, "an agreement for a [twenty-five

percent] fee . . . is presumed reasonable." *Id.* at 421.

Here, the Commissioner has not alleged, and the Court is not aware of, any improper conduct, delay, or ineffective representation on the part of Plaintiff's counsel. In fact, counsel was able to achieve favorable results as this case was remanded to the Commissioner and an award of benefits was ultimately granted to the Plaintiff. Thus, counsel was effective in his representation as he was able to achieve a favorable result.

Turning to whether the requested fee amount would constitute an underserved windfall, the Sixth Circuit Court of Appeals "provides a floor" for determining the reasonableness of requested 406(b) fees. *Hayes*, 923 F.2d at 422. Where the amount requested divided by the numbers of hours expended is less than twice the standard rate for such work in the relevant market, the requested fee is *per se* reasonable. *Id.* The Sixth Circuit continued,

> If the calculated hourly rate is above this floor, then the court may consider arguments designed to rebut the presumed reasonableness of the attorney's fee. Such arguments may include, without limitation, a consideration of what proportion of the hours worked constituted attorney time as opposed to clerical or paralegal time and the degree of difficulty of the case. Factors such as these should inform the district court's determination of whether the attorney would "enjoy a windfall because of . . . minimal effort expended."

*Id.* (quoting *Rodriquez*, 865 F.2d at 746.).

As noted, Plaintiff's counsel has requested a fee of $14,803.75. In support, counsel submits his own affidavit [Doc. 25-1 at 3–4], the affidavit of Attorney Edwin Anderson [*Id.* at 5], the Notice of Award [*Id.* at 6–18], and the time entries for this matter [*Id.* at 19–23]. The Court considers the factors set forth in *Hayes*, the affidavits and itemized bill set forth by Plaintiff, the lack of opposition from the Commissioner, and the nature and complexity of the case, and finds the contingency fee award in the amount of $14,803.75 is reasonable. Moreover, the Court is

4

mindful of the nature of contingency fee contracts and the risk absorbed by attorneys in these matters. *See Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990) (in considering contingency agreements, "we cannot ignore the fact that the attorney will not prevail every time . . . Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast."). Accordingly, the Court finds that an attorney's fee in the amount of $14,803.75 does not represent a windfall.

As a final matter, the Court notes that when attorney's fees are awarded under both the EAJA and section 406(b), the attorney is required to refund the smaller of the two fees to the plaintiff. *Gisbrecht*, 535 U.S. at 796 (quoting Act. of Aug. 5, 1985, Pub. L. No. 99–80 (HR 2378), PL 99–80, § 3, 99 Stat. 186). In this case, as noted by Plaintiff's counsel, Plaintiff has already obtained an EAJA award in the amount of $6,169.70. [Doc. 24]. Therefore, counsel will refund to Plaintiff the EAJA fee award, as it is the smaller of the two types of awards.

### III.  CONCLUSION

Based upon the foregoing, Plaintiff's Motion for Approval of 406(b) Attorney Fees [**Doc. 24**] is **GRANTED**. It is **ORDERED** that attorney's fees in the amount of $14,803.75 be payable to Plaintiff's counsel under 42 U.S.C. 406(b) and that, upon receipt of these fees, Plaintiff's counsel shall remit to Plaintiff the attorney's fees previously received from the Commissioner pursuant to the EAJA and the Court's prior fee Order [Doc. 24] in this matter.

**IT IS SO ORDERED**.

ENTER:

/s/ Bruce Guyton
United States Magistrate Judge

5